IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS CASTRO,

    Plaintiff,

v.

ROBERT A. HOREL, D. MOUNT,
J. BEESON, S. MCKINNEY, N. GRANNIS,
EVERETT W. FISCHER, D. L. SPEEN,
M. DUFF, DOES 1–100,

    Defendants.

                                     /

No. C 09-04902 WHA

**ORDER SCREENING COMPLAINT AND VACATING HEARING**

## INTRODUCTION

Plaintiff, a California state prisoner, has filed a civil rights complaint under 42 U.S.C. 1983. Defendants requested that plaintiff's complaint be screened under 28 U.S.C. 1915A and that the complaint be dismissed for failure to state a cognizable claim.

## ANALYSIS

**1.  STANDARD OF REVIEW.**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1), (2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986–87.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2.    LEGAL CLAIMS.**

Plaintiff alleges that Pelican Bay State Prison gang investigators violated his right to due process during his 2006 inactive gang status review.

In 1997, plaintiff was validated as a gang associate and subsequently placed in the Security Housing Unit at Pelican Bay State Prison. In 2006, plaintiff's gang-validation status was eligible for active/inactive review. In July 2006, defendant D. Mount conducted a search of plaintiff's cell and allegedly located two photocopied drawings. The two photocopies drawings allegedly depicted the Mactlactlomei, the ancient Mayan symbol for the number thirteen. California Department of Corrections and Rehabilitation has allegedly identified the Mactlactlomei as a symbol of the Mexican Mafia prison gang. Plaintiff was not shown the photocopies of drawings allegedly found in his cell nor allowed a proper opportunity to address the evidence used to continue validating him as a gang associate.

In August 2006, defendants E. Fischer, M. Duff, and D.L. Speen completed their review of plaintiff's active/inactive review and signed a CDC 128-B, validating plaintiff as an active associate of the Mexican Mafia gang. In December 2006, plaintiff appealed his validation of a gang associate and properly exhausted his administrative grievance process.

Plaintiff has pled sufficient facts to state a cognizable due process claim under the Fourteenth Amendment for the 2006 inactive/active review against all defendants.

## CONCLUSION

1. Plaintiff has pled sufficient factual allegations to state a cognizable due process claim. Defendants shall serve an answer within **TWENTY-ONE DAYS** from the date this order is filed.

2. The hearing on Thursday, April 15, 2010, is **VACATED.**

3. A case management conference is set for **MAY 13, 2010,** at **11 A.M.** in Courtroom No. 9 of the federal courthouse, located at 450 Golden Gate Avenue, San Francisco, California. Not less than seven days prior, counsel shall submit a joint case management conference statement not to exceed ten pages.

**IT IS SO ORDERED.**

Dated: April 13, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3